McCORD, Judge.
On September 26, 1978, the Board of Trustees of the Internal Improvement Trust Fund, pursuant to Section 253.129, Florida Statutes, issued to Jimmy and Johnny Patronis a disclaimer to a formerly submerged, now filled, parcel of land adjacent to the Patronises’ property in Panama City, Florida. On May 8, 1980, the Trustees, pursuant to the aforesaid statute, issued a second disclaimer to the Patronises for an adjacent parcel of land. The City of Panama City challenged the earlier disclaimer by a petition for administrative hearing pursuant to Section 120.57, Florida Statutes, filed sometime between June 9 and June 12, 1980. Panama City challenged the later disclaimer by a petition bearing a certificate of service dated July 11, 1980. The date of filing is not apparent from the record. By these' petitions, Panama City seeks to have the Trustees set aside their disclaimers for these two parcels of property.[1] A DOAH hearing officer dismissed the two petitions on the separate grounds of lack of jurisdiction and lack of standing by Panama City. We affirm.
Panama City’s claim of standing to challenge the Trustees’ action in'issuing the disclaimers rests upon Section 253.111, Florida Statutes. This statutory provision essentially provides that if an application is filed with the Trustees to purchase state-owned land, and the Trustees decide to sell that land, they must, prior to sale, notify the Board of County Commissioners of the county in which the land is located that the land is available to the county for a public purpose. § 253.111(1). The county then has ninety days within which to adopt a resolution devoting the land in perpetuity to public purposes and providing for a preliminary plan of development. § 253.111(2) and (3). Upon receipt of such a resolution, the Trustees are to “convey to the county such land upon such terms and conditions at such price as the (Trustees) shall determine ...” Section 253.111(5). Panama City claims that it is the assignee of Bay County’s rights under Section 253.111 by virtue of a resolution by the Bay County Board of County Commissioners that purports to convey all of the county’s right, title, or interest in the disputed property to Panama City. This resolution, however, was not adopted by Bay County until June 10,1980.
We find Panama City’s claim of standing to be too tenuous and conjectural to support its action. Compare Florida Dept. of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978). One must assume, among other things, that Bay County’s rights under Section 253.111 may be lawfully assigned to Panama City, a proposition that cannot be reasonably inferred *1134 from the statute. Moreover, even if we were to infer such an assignable right, Bay County’s resolution was not enacted until after the Trustees had issued the disclaimers to the Patronises. Hence, we conclude that Panama City has alleged no specific, real, and immediate harm or injury in fact demonstrating that it is “substantially affected" any more than the general public by the Board of Trustees’ disclaimers. See Grove Isle, Ltd. v. Bayshore Homeowners’ Assn., Inc., 418 So.2d 1046 (Fla. 1st DCA 1982). Stated differently, Panama City’s interest in the filled land is not “arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.” Ass’n. of Data Processing Serv. Organizations v. Camp, 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184, 188 (1970).
Having determined that Panama City does not possess the requisite standing to pursue this action, we find no need to address the appellees’ alternative argument regarding the untimeliness of the City’s respective petitions.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and MILLS, J., concur.

. Questions have occurred to us regarding the propriety of this proceeding under the Administrative Procedure Act. Appellant’s petitions seek to have appellee set aside appellee’s two disclaimers to real property. Can appellee any more set aside a delivered disclaimer than it could set aside a delivered deed to real property? Is not a delivered disclaimer a fait accom-pli which only the circuit court could set aside and cancel in an appropriate legal action? These questions not having been raised on this appeal, we do not answer them since their answer is not necessary to our disposition and will leave their determination to a future appropriate case.