# PSYCHIATRIC INSTITUTES OF AMERICA, INC., v. DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, et al.

### Case No. 84-2904

State of Florida Division of Administrative Hearings

October 1, 1984

## APPEARANCES OF COUNSEL

**Kenneth F. Hoffman** for Management Advisory and Research Center, Inc., d/b/a Glen Beigh Hospital of Florida.

**Douglas L. Mannheimer** for Department of Health and Rehabilitative Services.

**C. Gary Williams** and **Michael J. Glazer** for Psychiatric Institute of America, Inc., d/b/a Psychiatric Institute of Orlando.

## OPINION OF THE COURT

DIANE K. KIESLING, Hearing Officer.

This cause came on for consideration upon a Motion to Dismiss filed by Management Advisory and Research Center, Inc., d/b/a/ Glenbeigh Hospital (Glenbeigh), and a Response to Motion to Dismiss filed by Petitioner, Psychiatric Institutes of America, Inc., d/b/a/ Psychiat-

ric Institute of Orlando (PIA). The Motion seeks dismissal of the Petition for Formal Administrative Hearing filed by PIA on the grounds that PIA lacks standing to maintain the action because PIA is not an affected person or a substantially affected person. The Petition seeks to contest the grant of a Certificate of Need (CON) to Glenbeigh to construct an adolescent long-term substance abuse hospital in Orange County, Florida.

Based upon the pleadings filed herein, the following Findings of Fact are determined:

## FINDINGS OF FACT

1. PIA holds a CON to construct a 60-bed short-term psychiatric facility in Orange County, Florida. This CON is currently the subject of a challenge in DOAH Case No. 84-1826.

2. Glenbeigh was awarded a CON to construct a long-term substance abuse hospital in Orange County, Florida on June 29, 1984.

3. In the batching cycle immediately following the cycle in which Glenbeigh filed its application, PIA filed an application to add 15 long-term psychiatric beds and 15 long-term substance abuse beds to its proposed facility in Orange County, Florida.

4. At the time of the Glenbeigh application and approval, PIA had no existing facility in Orange County, Florida, but was merely the holder of a CON to construct a short-term psychiatric hospital.

5. At the time of the Glenbeigh application and approval, PIA had not filed its application to provide similar services, i.e. long-term substance abuse services, in Orange County, Florida, nor had it otherwise filed any formal indication of its intention to provide similar services in the future.

6. PIA is not a health care facility located in Orange County, Florida. It only holds a challenged CON to construct a facility in Orange County, Florida.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction of the subject matter of and the parties to this action. Section 120.57(1), Florida Statutes.

2. Briefly stated, the issues are whether PIA is substantially affected by the grant of the CON to Glenbeigh and whether PIA has standing to challenge the award to Glenbeigh.

3. Subsection 120.52(11)(b), Florida Statutes, (1983), defines a

"party" as "(a)ny . . . person . . . whose substantial interests will be affected by proposed agency action . . ."

Subsection 381.494(8)(e), Florida Statutes, provides in part that ". . . a substantially affected person who is aggrieved by the issuance . . . of a certificate of need shall have the right . . . to seek relief according to the provisions of the Administrative Procedures Act . . ."

Rule 10-5.12(1), Florida Administrative Code, defines a substantially affected person as one who ". . . is aggrieved when that person has demonstrated that his/her interests are substantially affected by the department decision to issue or deny a Certificate of Need."

Accordingly, the standard of "substantiality" must govern Surgicare's entitlement to a hearing under Subsection 120.57(1), Florida Statutes.

Further, Rule 10-5.02(20), Florida Administrative Code, clarifies who is an "affected person" to mean one of four classes of persons:

1. The person whose application/proposal is being reviewed.

2. Members of the public who are to be served by the person proposing the project.

3. Health care facilities located in the health service area in which the service is proposed to be offered or developed which provide services similar to the proposed services.

4. Health care facilities which, prior to receipt by the agency of the proposal being reviewed, have formally indicated an intention to provide such similar services in the future.

4. The person challenging the issuance of a CON must affirmatively demonstrate that its substantial interests will be affected. Here PIA alleges essentially that the granting of a CON to Glenbeigh would result in an unnecessary duplication of services; would have an adverse economic impact on PIA; would have an adverse impact on the ability of PIA to maintain or attract staff for its hospital; and would result in a loss of patients to PIA.

Underlying all of these allegations is an assumption that PIA and Glenbeigh are proposing to provide the same services and attract the same staff and patients. Such an assumption cannot be made, however, when it is recognized that this would only be real and immediate if PIA's later-in-time application were to be granted. This argument amounts to a "mutual exclusivity" argument and these applications are not mutually exclusive.

5. The term "substantial interests" is not defined in the Florida Statutes. The Florida courts have therefore followed a two-pronged

174

standing test that requires that before a person can be considered to have his substantial interest affected by the outcome of a 120.57(1) proceeding, he must show (a) that he will suffer injury in fact which is of sufficient immediacy to entitle him to a 120.57(1) hearing, and (b) that his substantial injury is of a type or nature which the proceeding is designed to protect. See, for example, *Agrico Chemical Company v. Department of Environmental Regulation,* 406 So.2d 478 (Fla. 2d DCA 1981); *City of Panama City v. Board of Trustees of Internal Improvement Fund,* 418 So.2d 1132 (Fla. 1st DCA 1982). The latter part of the test is more commonly known and referred to as the "zone of interest" test.

Here, PIA fails to meet this test. There is no injury in fact which is immediate. There is only speculative injury if Glenbeigh is granted a CON for long-term substance abuse beds and if PIA is permitted to provide similar services in the future. Additionally, the nature of the alleged injury is speculative based on what may or may not happen in the future regarding PIA's attempt to provide similar services.

6. Furthermore, PIA is not even an "affected person" under Rule 10-5.02(20), Florida Administrative Code. It is not a facility located in the service area in which Glenbeigh proposes to provide services. PIA does not provide similar services of long-term substance abuse treatment. PIA did not formally indicate an intention to provide similar services prior to receipt and action on the Glenbeigh application. The fact that PIA holds a CON to construct a long-term psychiatric hospital does not satisfy the test of whether the services are similar. Rule 10-5.11(26), Florida Administrative Code, concerns the provision of long-term psychiatric services and Rule 10-5.11(27), Florida Administrative Code, concerns the provision of short-term and long-term hospital inpatient substance abuse services. Clearly then, the services are not similar and the only similar services which PIA seeks to provide are those for which it has a pending application filed in a later batch.

It is concluded that PIA does not meet the test of being an "affected person" and it does not meet the more stringent standard of being substantially affected. As such, it is further concluded that PIA lacks standing to challenge the grant of a CON to Glenbeigh under these circumstances.

## RECOMMENDATION

Based on the foregoing Findings of Fact and Conclusions of Law, it is RECOMMENDED that the Petition for Formal Administrative Hearing be DISMISSED.